UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donniel Woods, #272800, | ) C/A No. 9:08-3767-TLW-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| The State of South Carolina Judicial, | ) |
| Defendants. | ) |

Plaintiff, who is proceeding *pro se*, files this matter alleging that the South Carolina Supreme Court and the "Third Judicial Circuit Court, County of Clarendon City of Manning" have committed "several violations....which are contrary to the United States Constitution." Specifically, plaintiff alleges his due process and equal protection rights were violated when he was "held captive for a period which exceeded one year without being presented with an indictment." Plaintiff maintains he was detained beginning June 26, 2006. According to the pleading, he was indicted on August 21, 2008, and is now serving a thirty (30) year sentence which began in October 2008. He asks that his "pending appeal...be heard in the South Carolina Court of Appeals."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal

district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

To the extent this pleading is viewed as one filed pursuant to 42 U.S.C. § 1983, the defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, 2003 WL 23541770 (D.S.C. Dec. 04, 2003)(Civil Action No. 9:03-3436-23BG), *affirmed Staley v. South Carolina Department of Corrections*, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication in the Federal Reporter, No. 04-6022); As a result, the sole defendant in this action would be entitled to summary dismissal.

Since the plaintiff asks that his "pending appeal...be heard in the South Carolina Court of Appeals," the relief which plaintiff seeks is in the nature of mandamus. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

In *Gurley v. Superior Court of Mecklenburg County supra*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free

transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County, supra*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh, supra*, and *Todd v. Baskerville, supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey, supra*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (1988) and *Robinson v. Illinois*, 752 F. Supp. 248, 248-249 & n. 1 (1990). Since the plaintiff is attempting to sue state courts, the District of South Carolina does not have jurisdiction to issue a writ of mandamus against them.

Additionally, the South Carolina Supreme Court and all state Circuit Courts are part of the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform



jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-876 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] See *Alden v. Maine*, 527 U.S. 706, 713, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996); *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322-323, 54 S. Ct. 745, 78 L.Ed. 1282 (1934); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 111 S. Ct. 2578, 115 L.Ed.2d 686 (1991). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743, 122 S. Ct 1864, 152 L.Ed.2d 962 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."



immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Bristow Marchant
United States Magistrate Judge

January 23, 2009
Charleston, South Carolina

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.



***The plaintiff's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

